NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH HOWARD BLAKELY, | No. 19-35500 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05021-RBL |
| v. | |
| GREGORY JONES, in his individual capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 5, 2020**

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Washington state prisoner Ralph Howard Blakely appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Blakely's access-to-courts claim because Blakely failed to raise a genuine dispute of material fact as to whether defendants caused an actual injury to a nonfrivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 348-49, 354-55 (1996) (elements of an access-to-courts claim and actual injury requirement).

The district court properly granted summary judgment on Blakely's retaliation claim because Blakely failed to raise a triable dispute as to whether defendants took an adverse action against him because of his protected activity. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context).

The district court properly granted summary judgment on Blakely's due process claim because Blakely failed to raise a triable dispute as to whether defendants violated his substantive or procedural due process rights by confiscating his legal property. *See Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (a prisoner has no federal or state protected liberty interest when the sanction imposed neither extends the length of his sentence nor imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of

the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *see also* Wash. Rev. Code §§ 4.92.090, 4.96.010.

The district court properly granted summary judgment on Blakely's equal protection claim because Blakely failed to raise a triable dispute as to whether defendants intentionally discriminated against him on the basis of his age or disability. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (plaintiff alleging an equal protection claim must show that defendants acted with an intent or purpose to discriminate based upon plaintiff's membership in a protected class).

The district court properly granted summary judgment on Blakely's deliberate indifference claim because Blakely failed to raise a triable dispute as to whether defendants personally participated in the alleged rights deprivation. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (liability under § 1983 requires showing of personal participation in the alleged rights deprivation).

The district court properly granted summary judgment on Blakely's conditions-of-confinement claim because a judgment in his favor on this claim would necessarily imply the invalidity of his conviction, and Blakely failed to demonstrate that his conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has

3                                                              19-35500

already been invalidated.").

The district court did not abuse its discretion by denying Blakely's motions for appointment of counsel because Blakely failed to demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (standard of review and requirements for appointment of counsel).

We reject as without merit Blakely's contentions that the district court was biased or violated his equal protection rights.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, arguments and allegations raised for the first time on appeal, or arguments incorporated by reference into the briefs. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

We do not consider Blakely's renewed request for appointment of counsel set forth in his briefs. In Docket Entry No. 3, this court denied Blakely's motion for appointment of counsel and ordered that no motions for reconsideration, clarification, or modification of the denial shall be filed or entertained.

Blakely's request set forth in his reply brief for a copy of his brief is granted. The Clerk will provide Blakely with copies of the reply brief and docket sheet.

All other pending motions and requests are denied.

**AFFIRMED.**